# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ruben Castillo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 02 C 4777 | DATE | 11/21/2002 |
| CASE TITLE | Kristen Personius, et al. vs. Homeamerican Credit, Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]  Enter Memorandum Opinion and Order. Defendant's motion to dismiss [9-1] is granted. This case is hereby dismissed with prejudice.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | NOV 22 2002 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | docketing deputy initials | 15 |
| ✓ | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | | |
| RO | courtroom deputy's initials | | date mailed notice | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KRISTEN PERSONIUS, MAX E. PERSONIUS, GEORGE KINIMONTH, NOREEN CORCORAN, and RUTH WOODSIDE, | No. 02 C 4777 |
| Plaintiffs, | Judge Ruben Castillo |
| v. | |
| HOMEAMERICAN CREDIT, INC., d/b/a UPLAND MORTGAGE, | |
| Defendant. | |

## MEMORANDUM OPINION AND ORDER

Plaintiffs filed suit against Defendant Homeamerican Credit, Inc., d/b/a Upland Mortgage ("Upland"), for alleged violations of the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.* ("TILA"), and Federal Reserve Board Regulation Z, 12 C.F.R. § 226 ("Regulation Z"). Presently before the Court is Upland's motion to dismiss Plaintiffs' complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). For the reasons set out in this opinion, we grant Upland's motion. (R. 9-1.)

## RELEVANT FACTS

Each of the plaintiffs executed residential loans with Upland: (1) Max and Kristen Personius in July 2000; (2) George Kinimonth and Noreen Corcoran in April 2001; and (3) Ruth Woodside in November 1999. (R. 1, Compl. ¶¶ 8, 24, 37.) On June 26, 2002, Plaintiffs' counsel sent Upland a letter requesting rescission of the three loans due to alleged noncompliance with TILA. (R. 9, Def.'s Mem, Ex. A, June 26 letter.) Upland's counsel responded on July 1, 2002, requesting an explanation of the alleged TILA breaches. (*Id.*, Ex. B, July 1 letter.) On July 2,



2002, Plaintiffs' counsel faxed a letter detailing the alleged irregularities in each loan transaction that entitled Plaintiffs to rescind the loans. (*Id.*, Ex. C, July 2 letter.) Specifically, Plaintiffs alleged various violations of TILA including mis-dating loan documents and failing to provide copies of TILA disclosures at closing. (*Id.*) On July 3 Plaintiffs filed the instant one-count complaint, raising the same claims as those identified in its July 2 letter to Upland. (R. 1, Compl. ¶¶ 49-54.) Plaintiffs seek rescission of the loans, statutory damages, attorney fees and any other relief the Court deems appropriate. (*Id.* at 9.) On July 8, prior to receiving Plaintiffs' complaint, Upland responded to the notice of rescission by agreeing to rescind the three loan transactions. (R. 9, Def.'s Mem, Ex. D, July 8 letter.) Upland informed Plaintiffs that it had "initiated the process necessary to rescind the [loans]," and would be sending a letter "containing an itemized statement of the rescission amount" and a closing date. (*Id.*) On July 18, 2002, Upland sent a letter containing each Plaintiff's rescission amounts and requesting a closing date. (*Id.*, Ex. E, July 18 letter.) On August 9 Upland sent Plaintiffs releases to be executed in conjunction with the loan rescissions. (*Id.*, Ex. F, Aug. 9 letter.) The releases sought a full discharge of Plaintiffs' TILA claims against Upland pending the rescission of the loans. Plaintiffs refused to sign the releases and voluntarily dismiss the complaint, maintaining that it was their right to seek statutory damages and attorney fees separately from and in addition to the rescission of the loans. On September 9, 2002, Upland filed the present motion to dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. Upland claims that Plaintiffs lack standing to sue, given Upland's earlier offer to rescind the loans, and that Plaintiffs' claims for statutory damages and attorney fees are time barred.

## LEGAL STANDARDS

In considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1), which challenges this Court's subject matter jurisdiction, and under Rule 12(b)(6), which asserts a failure to state a claim on which relief may be granted, we must accept the complaint's well-pleaded factual allegations as true and draw reasonable inferences from those allegations in the plaintiff's favor. *Transit Express, Inc. v. Ettinger*, 246 F.3d 1018, 1023 (7th Cir. 2001). Dismissal is appropriate only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to relief. *Kennedy v. Nat'l Juvenile Det. Ass'n*, 187 F.3d 690, 695 (7th Cir. 1999); *Cortez ex rel. Cortez v. Calumet Pub. Sch. Dist. # 132*, No. 01 C 8201, 2002 WL 31177378, *1 (N.D. Ill. Sept. 30, 2002). Furthermore, when a defendant challenges subject matter jurisdiction under Rule 12(b)(1), we may properly look beyond the complaint and consider any evidence submitted on the issue. *Meridian Rail Prods. Corp. v. Amsted Indus., Inc.*, No. 02 C 3708, 2002 WL 31103479, *2 (N.D. Ill. Sept. 18, 2002).

## ANALYSIS

First, Upland claims that Plaintiffs lack standing to sue because its offer to rescind the loans effectively vitiated any litigable dispute, and thus divested this Court of subject matter jurisdiction. *See Rand v. Monsanto Co.*, 926 F.2d 596, 597-98 (7th Cir. 1991); *Greisz v. Household Bank (Ill.), N.A.*, 176 F.3d 1012, 1015 (7th Cir. 1999). Plaintiffs argue that Upland's offer to rescind is defective because: (1) Upland failed to terminate its security interest in the loans as required by Regulation Z, 12 C.F.R. § 226.23(d)(2); and (2) Upland is prohibited from requiring Plaintiffs to sign a release from liability as a condition of rescission. (R. 13, Pl.'s Resp. at 9-12.)

We agree with Upland that its pre-suit offer to rescind the loans rendered Plaintiffs' claim for rescission moot. Thus, Plaintiffs lack standing to sue and we do not have jurisdiction to hear the case. *See* U.S. Const. Art. III, § 2; *United States v. Balint*, 201 F.3d 928, 936 (7th Cir. 2000) (recognizing that "a case is moot if there is no possible relief which the court could order that would benefit the party seeking it"). The relief that Plaintiffs sought and was available to them[1] was fulfilled by Upland's agreement to rescind the loans. Plaintiffs' arguments that Upland's offer to rescind was defective does not alter this result.

Although it is true that upon a notice of rescission TILA generally requires that the creditor perform first and unilaterally by returning monies and releasing its security interest, *see* 15 U.S.C. § 1635(b), there is no absolute prohibition against conditioning rescissions on some act by the borrower. For example, a court may exercise its equitable discretion under the last sentence of § 1635(b) to condition rescission upon some affirmative act of the debtor. *See AFS Fin., Inc. v. Burdette*, 105 F. Supp. 2d 881, 881-82 (N.D. Ill. 2000) (noting that court may require, as condition of rescission, that borrowers tender amounts previously advanced); *Rowland v. Magna Millikin Bank of Decatur, N.A.*, 812 F. Supp. 875, 880-81 (C.D. Ill. 1992) (conditioning return of money paid to bank on consumer tendering reasonable value of new windows installed under contract); *see also Williams v. Homestake Mortgage Co.*, 968 F.2d 1137, 1142 (11th Cir. 1992); *Fed. Dep. Ins. Corp. v. Hughes Dev. Co.*, 938 F.2d 889, 890 (8th Cir. 1991). Furthermore, we question whether the release that Upland sought can even be considered a "condition of rescission" in the TILA sense of the term. Upland simply sought an

---

[1] As discussed below, Plaintiffs' other claims for relief in the form of statutory damages and attorney fees are time barred.

assurance from Plaintiffs that Upland would not be hailed into court after satisfying their demands by rescinding the loans. Such releases are routine and proper in the course of settlements and offers of judgment, and merely serve to protect a defendant's interest in finality after satisfying a plaintiff's demands. *Oswald v. McGarr*, 620 F.2d 1190, 1198 (7th Cir. 1980) (stating that "[a] settlement offer is a compromise and may include a release of claims not before the court."); *In re Brand Name Prescription Drugs*, No. 94 C 897, 1996 WL 167347, at *2 (N.D. Ill. Apr. 4, 1996) (noting that settlement provisions requiring releases of all claims related to dispute are "reasonable and customary").

Plaintiffs further argue that Upland's rescission was defective because it was not consummated within the 20-day period provided under the Act, and therefore Plaintiffs have standing to sue for rescission. 15 U.S.C. § 1635(b). But standing is determined from the date of the filing of the complaint. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 587 n.4 (1992). Plaintiffs filed their lawsuit before the expiration of the 20-day filing period, so they had no knowledge as to whether Upland would agree to rescind or whether Upland's performance would be defective. Moreover, according to the Official Staff Commentary to Regulation Z, 12 C.F.R. Pt. 226, Supp. I, cited by Plaintiffs in their brief, Upland was not required to fully perform within the 20-day period. The Staff Commentary explains that "[t]he 20-day period for the creditor's action [to terminate the security interest] refers to the time within which the creditor must begin the process. It does not require all necessary steps to have been completed within that time." 12 C.F.R. Pt. 226, Supp. I. Upland initiated the rescission process on July 8, 2002, well within twenty days of Plaintiffs' June 26 notice of rescission, when it informed Plaintiffs that it would rescind the loans. Upland followed up this letter with an itemized accounting of the rescission

amounts. Under TILA Upland was not required to completely perform its rescission within twenty days. Thus, Plaintiffs' argument that Upland's allegedly defective rescission provides standing to sue fails.

Upland next moves to dismiss as time barred Plaintiffs' claims for statutory damages and attorney fees. Actions for statutory damages must be brought within one year from the date of the violation. 15 U.S.C. § 1640(e). "A credit transaction is consummated for the purposes of TILA when the consumer becomes contractually obligated on a credit transaction." *Mount v. LaSalle Bank Lake View*, 886 F. Supp. 650, 651 (N.D. Ill. 1995). In this case Plaintiffs became contractually obligated on the closing date of their mortgages, all of which occurred more than one year before this lawsuit. Thus, Plaintiffs' claims for statutory damages are time barred.[2] As for attorney fees, Plaintiffs are entitled to collect them only "in the case of any *successful action* to enforce" TILA. *See* 15 U.S.C. § 1640(a)(3). Plaintiffs persisted with this lawsuit even after Upland agreed to rescind the loans. We hope that this decision was not driven by a desire to recoup attorney fees or exact an additional monetary settlement from the defendant. Such maneuvering is improper and we will not reward such tactics by entertaining a claim for attorney fees. As demonstrated above, Plaintiffs cannot maintain a successful action with respect to their claims for rescission and statutory damages, and accordingly have no basis for attorney fees.

---

[2] In their response Plaintiffs argue that they may claim statutory damages for Upland's failure to properly rescind the loans. Even the most liberal reading of Plaintiffs' complaint does not support this allegation; there simply is no mention in the complaint that Upland failed to rescind the loans. Nor could there be since, as noted above, Plaintiffs did not wait for Upland's 20-day rescission period to expire before bringing this lawsuit. Thus, we decline to read a count for statutory damages for failure to rescind into Plaintiffs' complaint.

## CONCLUSION

Plaintiffs lack standing to sue for rescission at this time and their claims for statutory damages are time barred. We therefore grant Upland's motion to dismiss with prejudice. (R. 9-1.)

ENTERED:

Judge Ruben Castillo
United States District Court

Dated: November 21, 2002